# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore R Rushing, | No. CV-15-02484-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

On May 2, 2017, Magistrate Judge John Z. Boyle issued a Report and Recommendation ("R&R") recommending the petition for writ of habeas corpus be denied. Petitioner filed objections to the R&R as well as a motion to stay further proceedings while he returned to state court to exhaust certain claims. Petitioner's objections are without merit and it would be futile for him to return to state court. Therefore, the R&R will be adopted in full and the petition dismissed with prejudice.

The R&R recounts the background concerning Petitioner's criminal trials and his post-trial filings. Petitioner did not object to that background and the Court will adopt it in full. In brief, Petitioner shot and killed an individual during an altercation in a parking lot. Petitioner was charged with first-degree murder and five counts of aggravated assault. At the end of his original trial, the jury convicted Petitioner of three counts of aggravated assault and one count of the lesser-included offense of disorderly conduct. The jury acquitted Petitioner of one count of aggravated assault. The jury could not,

however, reach a verdict on the murder charge. Petitioner was then retried on the murder charge and he was convicted of the lesser-included offense of manslaughter. Petitioner was sentenced to the presumptive sentence for the manslaughter conviction and mitigated terms on the other convictions. Because the trial court ordered the sentences to run consecutively, Petitioner's total sentence was approximately twenty-five years.

Petitioner filed a direct appeal but his convictions and sentences were affirmed. Petitioner also filed three petitions for post-conviction relief in state court, none of which were successful. Petitioner eventually filed this federal petition, asserting seven grounds for relief. The R&R concludes a few of those grounds were not exhausted but, even if the merits could be reached on all of the grounds, none of them meet the high bar for obtaining relief. Petitioner filed objections, largely rearguing the positions he asserted in his petition. Petitioner also filed a motion seeking to stay these proceedings while he returned to state court to exhaust some of his grounds.

## I. Ground One—Juror Qualification

Petitioner's first ground for relief involves one of the trial jurors allegedly being unqualified to sit on one of the juries. The R&R construes this claim as exhausted and analyzes it on the merits. The R&R describes Petitioner as arguing the juror was not a resident of Maricopa County and, therefore, was ineligible to sit based on Arizona law. The R&R concludes that is not a viable basis for federal habeas relief. In his objections, Petitioner explains the R&R misinterprets his argument. Petitioner explains he is not arguing the juror's presence violated Arizona law but that the juror's presence meant Petitioner was "denied the right of a 12 person jury." (Doc. 55 at 4). Regardless of Petitioner's exact claim, he is not entitled to relief.

The R&R correctly concludes Arizona law, not federal law, required the trial jurors be residents of Maricopa County. This argument likely is unexhausted but the Court can reject the argument on its merits notwithstanding the exhaustion issue. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in

the courts of the State."). Petitioner has not cited any federal law imposing such a residency requirement. Moreover, federal law states a potential defect in a juror's qualification to sit does not impact the validity of the verdict. Thus, even assuming the juror was not qualified to sit based on residency, that is not a basis for relief. *See Kohl v. Lehlback*, 160 U.S. 293, 301 (1895) (juror's lack of citizenship did not violate federal constitution).

As for Petitioner's argument that the Sixth Amendment required a twelve-person jury, that is incorrect. Again, this argument likely is unexhausted but it is easiest to address it on the merits. "[U]nder the Sixth Amendment to the United States Constitution a defendant in a criminal case has a right to a jury trial, but that does not even mean that a state is required to use the traditional twelve-person jury. Variations are permitted." *Lambright v. Stewart*, 191 F.3d 1181, 1184 (9th Cir. 1999). Provided a criminal jury consisted of at least six persons, there is no federal constitutional issue. *Id.* Under Petitioner's own argument, his jury had eleven persons. Therefore, even assuming Petitioner was only convicted by a jury of eleven persons, that does not establish a violation of his federal rights.

**II. Ground Two—Aggravated Sentence**

Petitioner's second ground for relief involves his belief that his sentences violated federal law because the trial court's sentencing decision was based on aggravating factors not found by the jury. In addressing this argument, the Arizona Court of Appeal explained why it was baseless: "The obvious flaw in [Petitioner's] argument is that the trial court did not impose any aggravated sentences; [Petitioner] received a presumptive prison term on the manslaughter conviction and mitigated prison terms on his other convictions." *State v. Rushing*, No. 1 CA-CR 09-0601, 2011 WL 5299384, at *7 (Ariz. Ct. App. Nov. 3, 2011). The R&R believes this claim should be addressed on the merits but agrees with the Arizona Court of Appeals there was no sentencing error because Petitioner did not receive aggravated sentences.

In his objections, Petitioner seems to make two arguments. First, he claims the

- 3 -

trial court found aggravating circumstances that "removed the possibility of receiving the minimum sentence." (Doc. 55 at 5). And second, the trial court impermissibly found aggravating factors to justify imposition of consecutive sentences. Neither argument is persuasive.

On the first argument, Petitioner has not established imposition of a presumptive sentence violated his federal rights. Upon being convicted of manslaughter, Petitioner was eligible for the presumptive 10.5 year sentence. The trial court imposed that sentence and the failure to impose less than the presumptive raises no federal constitutional issue. In other words, upon being convicted of manslaughter Petitioner was exposed to a sentence of 10.5 years without the need for any additional factual findings. The fact that Petitioner received that sentence, instead of a lesser sentence, does not violate federal law. *Cf. Alleyne v. United States*, 133 S. Ct. 2151, 2160 (2013) (trier of fact must find "any facts that *increase* the prescribed range of penalties to which a criminal defendant is exposed") (emphasis added).

On the second argument, Petitioner claims the trial court found aggravating circumstances and then relied on that to impose consecutive, instead of concurrent, sentences. But the decision whether to impose consecutive or concurrent sentences is within the trial court's discretion. *State v. Cota*, 272 P.3d 1027, 1043 (Ariz. 2012). And there is no federal right to have that discretion exercised in a particular way. Thus, the decision to impose consecutive sentences is not a basis for relief.

**III. Ground Three—Impeachment by Convictions**

Petitioner's third ground involves use of his convictions from the first trial to impeach his testimony during the second trial. The R&R concludes this ground was unexhausted and, in any event, fails under existing law. In his objections, Petitioner does not establish this ground was exhausted. Instead, he focuses on his argument that the state's use of his convictions was improper.

The R&R is correct that this ground was unexhausted and, therefore, Petitioner is not entitled to relief. But even if it had been exhausted, the fundamental flaw in

Petitioner's argument is that, as of his second trial, he had been convicted of the crimes used to impeach his testimony. Having been convicted, the state was free to use those crimes to impeach his testimony. *See United States v. Smith*, 623 F.2d 627, 630 (9th Cir. 1980) (permissible to use convictions for impeachment despite convictions not yet being final). There is no bar on using non-final convictions to impeach a witness. Petitioner is not entitled to relief on this ground.

**IV. Grounds Four and Six—Prosecution's Comments**

Petitioner's fourth ground involves allegedly improper statements by the prosecutor during closing arguments and his sixth ground involves statements by the prosecutor during trial that Petitioner had a duty to retreat. The R&R concludes both of these grounds fail on their merits. Petitioner's objections do not identify any error in the R&R's analysis.

As explained by the Supreme Court, "a prosecutor's improper comments will be held to violate the Constitution only if they so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Parker v. Matthews*, 567 U.S. 37, 45 (2012) (quotation marks and citation omitted). The statements at issue fell well short of this demanding standard as they were made, in part, to respond to Petitioner's own arguments during trial. And even accepting Petitioner's current position that the comments were in error, they were a very small portion of the trial and cannot be viewed as "infect[ing] the trial with unfairness." *Id.* The statements, therefore, are not a basis for relief.

**V. Ground Five—Exclusion of Evidence**

Petitioner's fifth ground involves the trial court's refusal to admit evidence regarding the victim's tattoo or prior convictions for armed robbery. The R&R concludes this claim was unexhausted but also fails on its merits. Petitioner's objections address the exhaustion issue by claiming he "assumes" his appellate counsel exhausted this claim. As for the merits, the objections state the R&R misconstrues the basis on which Petitioner sought to introduce the evidence.

Petitioner's assumption regarding exhaustion is incorrect. There is no indication counsel presented the exclusion of the evidence as a matter of federal law. (Doc. 13-2 at 266). Therefore, the ground is unexhausted. But even if it had been exhausted, the ground fails. Regardless of why Petitioner wished to introduce the tattoo and prior convictions, Petitioner has not identified any Supreme Court authority mandating the admission of this evidence. Therefore, Petitioner is not entitled to relief. *See, e.g.*, *Moses v. Payne*, 555 F.3d 742, 757 (9th Cir. 2009) (Supreme Court has not established a "controlling legal standard" for admission of certain evidence where trial court must exercise its discretion).

## VI. Ground Seven—Lesser-included Offense

Petitioner's seventh ground involves the trial court's failure to instruct the jury regarding a lesser-included offense. The R&R concludes this claim was unexhausted and fails on the merits. The objections claim the ground was exhausted and that the R&R again misconstrued the argument Petitioner is attempting to make.

Having reviewed the record, Petitioner did not exhaust this claim. Thus, the Court need not address the merits. But assuming it had been exhausted, Petitioner is not entitled to relief. According to Petitioner, the trial court erred by giving a lesser-included instruction or, in the alternative, the trial court erred by not giving every possible lesser-included instruction. Petitioner does not cite any authority establishing it violated his federal rights for the trial court to instruct the jury on a lesser-included offense. And to the extent Petitioner believes other lesser-included instructions should have been given, "the failure of a state trial court to instruct on lesser included offenses in a non-capital case does not present a federal constitutional question." *Windham v. Merkle*, 163 F.3d 1092, 1106 (9th Cir. 1998). Thus, Petitioner is not entitled to relief on this ground.

## VII. Stay for Further Exhaustion

Petitioner filed a motion seeking a stay of these proceedings while he returned to state court to exhaust some of his grounds. The Court has discretion to stay proceedings in such circumstances. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). But a stay is

appropriate "only in limited circumstances" where "there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Petitioner has not established good cause to impose a stay. Moreover, any return to state court would be futile in that the grounds at issue will be procedurally barred. Thus, rather than returning to state court to attempt to exhaust, Petitioner should have attempted to establish cause and prejudice to allow for consideration of his grounds. *See Cooper v. Neven*, 641 F.3d 322, 327 (9th Cir. 2011) ("[I]f a claim is unexhausted but state procedural rules would now bar consideration of the claim, it is technically exhausted but will be deemed procedurally defaulted unless the petitioner can show cause and prejudice."). In any event, the Court has determined all of Petitioner's grounds fail on their merits, rendering the exhaustion issue irrelevant. In these circumstances, no stay is appropriate.

**VIII. Summary**

Many of Petitioner's grounds for relief are unexhausted and he has not established any plausible basis to excuse his failure to exhaust. But even overlooking the exhaustion issue and addressing the grounds on their merits, Petitioner has not established a violation of federal law. Given that all his grounds fail regardless of the exhaustion issue, there is no need to stay this case.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 51) is **ADOPTED IN FULL**. The petition for writ of habeas corpus is **DENIED**. The Clerk of Court shall enter judgment in favor of Respondents.

**IT IS FURTHER ORDERED** the Motion to Stay (Doc. 54) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of portions of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and other portions of the petition do not make a substantial showing of the denial of a constitutional right.

1    **IT IS FURTHER ORDERED** the Motion to Publish (Doc. 43) is **GRANTED**.

2    Dated this 22nd day of November, 2017.

_____
Honorable Roslyn O. Silver
Senior United States District Judge